944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
HAM, a/k/a Soloman Hamm, a/k/a Charles Brewer, Defendant-Appellant.
 No. 90-5367.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1991.
Decided Sept. 24, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-90-53-N)
 Lonnie D. Nunley, III, Hunton & Williams, Richmond, Va., for appellant.
 Henry E. Hudson, United States Attorney, Paul G. Cassell, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Federal prisoner Soloman Ham appeals his conviction for possession of firearms by a three-time felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The sole issue raised by Ham in his appeal is that the district court erred by refusing to submit to the jury his proposed jury instructions on entrapment. Because we find that the district court correctly determined that Ham failed to meet his burden of presenting evidence that the government induced him to commit the offense in question, we affirm.
 
 
 2
 * In October 1988, Portsmouth, Virginia police searched Ham's residence pursuant to a state warrant based on Ham's suspected involvement in narcotics-related activity. After the Portsmouth police discovered three firearms[1] at the residence, Ham was arrested and charged with several drug and firearms offenses. However, these state charges were later dismissed.
 
 
 3
 After dismissal of the charges, Corporal Carolyn P. Simmons, commanding officer of the Portsmouth Police Department's property and evidence division, notified Ham by letter in March 1989 that he was free to pick up the three firearms seized by the department in October 1988. In the spring of 1989, Ham went to the police department and retrieved the firearms which the Portsmouth police had seized.
 
 
 4
 In March 1990, agents of the United States Bureau of Alcohol, Tobacco and Firearms (ATF) searched Ham's residence pursuant to a federal warrant based on Ham's suspected possession of firearms.
 
 
 5
 Federal agents found three Doberman Pinschers in Ham's yard and a videotape surveillance camera over his door. After entering the house, the agents discovered a video monitor and a total of five firearms, including the three firearms Ham had recovered from the Portsmouth police in the spring of 1989. At trial, Ham claimed that he kept the firearms solely for protection and that he believed he had been pardoned for his previous crimes by the State of Florida.[2] Ham also attempted to raise an entrapment defense based on his allegation that the ATF learned about Ham's weapons after a Portsmouth police officer gave federal agents a rundown on Ham's prior arrest history. However, the district court declined to issue the proffered instruction, ruling that Ham had failed to produce any evidence warranting submission of an entrapment instruction to the jury.
 
 II
 
 6
 Entrapment is an affirmative defense that places on the defendant the initial burden of presenting evidence that the government "induced" him to commit the charged offense. United States v. Osborne, 935 F.2d 32, 38 (4th Cir.1991); United States v. Perl, 584 F.2d 1316, 1321 (4th Cir.1978), cert. denied, 439 U.S. 1130 (1979). The district court has the duty of determining whether the defendant has met this initial burden. Osborne, 935 F.2d at 38. A defendant who is unable to carry this initial burden is not entitled to have the issue submitted to the jury. Id.
 
 
 7
 Resolution of the entrapment issue focuses on the intent or predisposition of the defendant to commit the crime. United States v. Akinseye, 802 F.2d 740, 743 (4th Cir.1986), cert. denied, 482 U.S. 916 (1987), citing Hampton v. United States, 425 U.S. 484, 488-89 (1976) (plurality opinion); See United States v. Russell, 411 U.S. 423, 429 (1973). Since Russell, the entrapment defense's essential element is the defendant's lack of predisposition to commit the crime. Akinseye, 802 F.2d at 743. "Predisposition" refers to the defendant's state of mind before government agents make any suggestion that he commit a crime. Osborne, 935 F.2d at 37. A finding of specific prior contemplation of criminal conduct is not required to determine that the defendant was predisposed to commit a crime. Id. In fact, an entrapment defense cannot succeed if the predisposition of the defendant is established. Akinseye, 802 F.2d at 743.
 
 
 8
 Here the record demonstrates that before the Portsmouth Police Department ever suggested to Ham that he pick up the firearms it seized in 1988, Ham was illegally in possession of three firearms. It is true that Ham's illegal possession of those three firearms was interrupted by the Portsmouth police's seizure and retention of these items from October 1988 through the spring of 1989. However, after recovering the seized guns, Ham continued to possess those weapons illegally for 11 additional months until he was arrested in 1990. At the time Ham was arrested, his residence was found stocked with attack dogs, five firearms, and a surveillance camera. Thus, after reviewing this record, we are convinced that Ham's claim of entrapment--that he was induced by the government to commit a crime to which he was not predisposed--is meritless. Therefore, we dismiss this claim.
 
 
 9
 Because Ham's predisposition was indisputably established by his own actions, his entrapment defense[3] could not succeed, and the district court acted correctly in refusing to submit the proffered entrapment instructions to the jury.
 
 III
 
 10
 In conclusion, we affirm Ham's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The firearms were a Smith & Wesson .38 caliber revolver, a Monarch . 38 caliber revolver, and a Remington .22 caliber rifle
 
 
 [2]
 The government produced evidence refuting Ham's claim that he had been pardoned by the State of Florida
 
 
 [3]
 On appeal, Ham also argues that he was entitled to an entrapment instruction based on an entrapment-by-estoppel theory. Ham did not request such an instruction at trial and did not object to the instructions given on that basis. Moreover, we have disapproved of that defense on similar facts. See United States v. Etheridge, 932 F.2d 318 (4th Cir.1991). Thus, it is clear that this alleged error does not constitute plain error. See Fed.R.Crim.P. 30